Chief Justice Robertson
delivered the Opinion of the Court,
The principal question in this case is, whether, on the dismission of a suit in chancery (for land) against several persons, each claiming and defending on a separate title, distinct from and unconnected with the title or defence of any of his co-defendants — each person, so claiming and defending, is entitled, under a general decree against the complainant for the costs of the suit, to an attorney’s fee of ten dollars ?
The amount of an attorney’s tax fee in a suit in chancery for land, is fixed at ten dollars, by an act of 1820. 1 Bigesi, 124.
But, as that statute only prescribes the amount which shall be allowed for an attorney’s fee to each person entitled thereto, we must look to the practical interpretation of the general law allowing costs, for an answer to the question, whether more than one attorney’s fee can be taxed in any one suit.
When a claimant to a tract of land held or claimed adversely to him, by several persons, each claiming a *157 separate parcel under a .title distinct from and unconnected with the parcel and title of the other, is permitted to maintain one suit against all of them, for recovering the entire tract, each person, so sued and so claiming and holding, may be, and, as to his defence and his costs, should be, deemed a sole and single party ; and if the suit be dismissed as to all, or only a part of the several defendants, each one of the successful party, who held and defended a separate parcel, under a separate title, may be entitled to a separate attorney’s fee. Morgan vs. Curle, 3 Mar. 294.
A motion was made in the ct. below, to direct the clerk to include several attorney’s fees in the costs of a suit: it was so ordered, Sf that the other party to the suit pay the cost of this motion. In this court, the direction to the clerk is approved,but the order as to the costs of the motion, reversed — no costs 03' damages giver, here.
But all who hold and defend under the same title, constitute but one class of defendants, and but one party, and therefore would be entitled altogether to only one attorney’s fee.
In this' case, there having been about a hundred defendants in a suit in chancery for land, the court, after dismissing the bill, and decreeing costs in favor of the defendants generally, directed the clerk to tax seventeen attorney’s fees, at ten dollars each — u it appearing (as the record states,) that there are seventeen original patents on the land in controversy, and that there were as many separate defences.”
Admitting the fact to have been as thus stated, (and we have seen nothing which contradicts it,) the order of the court was allowable and proper. Under the general decree for costs, each defendant who claimed a separate parcel, and defended under a distinct and independent title, was entitled to a tax fee of ten dollars.
But, as the object of the motion was only to instruct the clerk as to his duty, and the motion itself was ex parte in its character, and depended on the record, it was, not right to adjudge against Hart’s heirs the costs of such a procedure.
The decree for costs is therefore reversed, and the order for taxing the attorney’s fees is affirmed, without costs, or damages.